## SECOND DEPARTMENT, OCTOBER, 1918.

In the Matter of Proving the Last Will and Testament of ANNA SCHLICHTHORL, Deceased.

ADELE HOLLWEG, Appellant, v. FREDERICK A. SCHLICHTHORL, Respondent.

*Will — duress — evidence — statements of subscribing witness.*

Appeal by Adele Hollweg, contestant, from an order of the Surrogate's Court of Queens county, entered in said court on the 28th day of December, 1917, setting aside the verdict of a jury which negatived the validity of a paper propounded as the last will of Anna Schlichthorl, deceased, and granting a new trial.

PER CURIAM: The verdict was to the effect that the paper propounded was void for undue influence.   A motion for a new trial on the surrogate's minutes was entertained.   After argument, the surrogate, under section 2530 of the Code of Civil Procedure,* set aside the verdict with a new trial. This verdict was rightly held to have been contrary to the evidence.   The witness George E. Hebel had undertaken to testify that the testatrix had told him she was under restraint, as she had to do what the proponent, her son, wanted.   Nevertheless that Hebel attested the will as a subscribing witness, and even that he communicated this statement of duress to his employer, the late John J. Trapp, who had replied, "You know the will will never stand."   The jury might well have been cautioned against giving weight to testimony inconsistent with the act of subscribing as a witness to the will, especially when such testimony was given after the death of

* *Sic.*   See Code Civ. Proc. §§ 999, 2539.— [REP.

Mr. Trapp, an attorney of excellent standing, who had drawn the will and attested its execution. The order of the Surrogate's Court of Queens county, setting aside the jury's verdict, is hereby affirmed, with costs. Jenks, P. J., Thomas, Mills, Putnam and Kelly, JJ., concurred. Order of the Surrogate's Court of Queens county, setting aside the verdict of the jury, affirmed, with costs.